DREW, Justice.
Claimant suffered an admittedly com-pensable industrial accident when she injured her back while attempting to lift a case of supplies. She was temporarily totally disabled from October 18, 1966 to October 31, 1966. At the time of the hearing on February 9, 1967, she had reached maximum medical recovery, had received all payments of compensation and was found by the Judge of Industrial Claims not to be in need of further medical treatments.
The sole question involved in the review before the full Commission and here is whether the bill of Dr. William Webb, chiropractor, was the responsibility of the employer and the question of the assessment of mileage expense, costs and attorneys’ fees in the event such question should be decided in favor of the employer.
The following are the pertinent findings with reference to this matter by the Judge of Industrial Claims:
“ * * * Following her industrial accident. the claimant was sent to Dr. J. *314 N. Johnstone, an osteopath, by her employer. When she did not improve after one visit to Dr. Johnstone, she requested the employer/carrier to authorize her to be seen and treated by a chiropractic physician based on the fact that she had been seen by chiropractors before and had received relief from their treatment. When this request was made of the employer/carrier, they would not authorize her to be seen and treated by a chiropractor, but suggested the name of an ortho-paedic surgeon. At this point, the claimant, in order to get some relief, went to Dr. William P. Webb, chiropractor. The employer/carrier was notified that the claimant was being treated by Dr. Webb on October 13, 1966. There was no objection to Dr. Webb’s treatment until the notice to controvert this claim was filed on December 8, 1966. The undersigned finds that since the employer/carrier was aware of the fact that the claimant was being treated by Dr. Webb and did not object to his treatment until it was completed, or substantially completed, and since it appears that the treatment by Dr. Webb was reasonable and necessary and beneficial to the claimant in this case in relieving her of her symptoms from her industrial accident, that the employer/carrier shall be responsible for the payment of Dr. Webb’s bill pursuant to the fee schedule of the Florida Industrial Commission.
6. Based on the testimony of the treating chiropractic physician, Dr. William P. Webb, and the examining physician, Dr. James Richards, and the fact that the claimant has returned to her regular employment, it appears to have no substantial limitations, the undersigned finds that the claimant does not have any permanent partial disability as a result of her industrial accident and is not in need of any further active medical treatment at this time.
7. That the claimant was required to make 20 trips to Dr. Webb’s office at 9 miles round trip for the purpose of receiving remedial treatment. That she made these trips in her automobile and that a reasonable rate per mile is 7\/¡,Í per mile as stipulated by the parties. That the carrier should therefore pay to the claimant the sum of $13.50 as reimbursement for travel incident to receiving remedial treatment.”
Our examination of the record establishes competent, substantial evidence to support these findings of the Judge of Industrial Claims. The fact that employer knew from the beginning that the claimant was not satisfied with Dr. Johnstone, was being continuously treated by the chiropractor and made no obj ection to the same constituted an effective waiver of his right to select the physician. This is particularly true under the facts in this case where the evidence establishes a return to work shortly after the accident by the employee without any permanent disability. In these administrative compensation proceedings involving in a great many instances actions by employees without the advice of counsel and relying upon her employer and carrier, questions of this type should be resolved in such a manner as to afford adequate relief to the employee within the spirit of the compensation act. Here the employee was dissatisfied with Dr. Johnstone and was apparently receiving no benefit from him. She had faith in her chiropractor and the treatments which she did receive restored her to her employment. Under such circumstances, the employer is estop-ped to question the payment of the bill of the treating doctor and the Judge of Industrial Claims was eminently correct in his conclusions regarding the same.
The full Commission based its reversal of the order of the deputy upon the technical point that the treating physician was not authorized by the employer without taking into consideration the subsequent conduct amounting to waiver. The full Commission relied upon Wickersham v. Eastern Air Lines, Inc., 2 FCR 48 (1956), but the question of waiver or estoppel to *315 object was not present in that case and it is doubtful under the circumstances and as pleaded that it could have been sustained. Having disposed of the main question, it follows that the award of attorneys’ fees, mileage and costs by the Judge of Industrial Claims was correct.
The order of the full Commission is quashed with directions to reinstate the order of the Judge of Industrial Claims.
ROBERTS, THORNAL, ERVIN and HOPPING, JJ., concur.
CALDWELL, C. J., annd THOMAS, J., dissent.