ADKINS, Justice.
By petition for certiorari, we have for review an order of the Florida Industrial Commission reversing the workmen’s compensation award entered by the Judge of Industrial Claims.
Claimant, Anne Engle, sustained a com-pensable injury on September 4, 1962, when she fell, landing on both knees, sustaining a fracture of the right patella, an ankle sprain and swelling of both knees. The claimant was authorized to receive medical treatment from Dr. Irving P. Eney and was paid temporary total disability benefits until she returned to work on November 19, 1962. Maximum medical improvement was reached on December 3 1962, with a finding of no permanent partial disability. Subsequently claimant’s condition worsened, necessitating periodic visits to Dr. Eney for further advice and services, although unauthorized to do so. Dr. Eney testified that he intended the bill sent to the carrier after his examination on December 3, 1962, to be a final bill.- However, when the claimant returned for further care he did not request further authorization from the carrier. The insurance carrier did not object to these visits to the initially authorized physician but, in fact, paid for these visits without objection until late 1965. Claimant’s employer was also aware that claimant was receiving medical care after the initial discharge and, *682 in fact, let her off from work early for the appointments without any deduction for the lost time.
On March 30, 1966, the employer-carrier filed a notice to controvert on the ground of the Statute of Limitations. Claim for permanent partial disability and other benefits was filed on April 12, 1966.
By order dated July 13, 1967, the Judge found the Statute of Limitations was not a defense and awarded the claimant permanent partial disability of 10 per cent for loss of use of the right leg. On review the Full Commission, with one member dissenting, reversed and held the Statute of Limitations was a good defense. The Full Commission found that the care which claimant had received from Dr. Eney was not treatment within the meaning of the Workmen’s Compensation Act, which would toll the limitation period for filing claims for remedial treatment under Ch. 440.13(3), Fla.Stat., F.S.A.
It is obvious that the employer and carrier knew of the continued medical care furnished to claimant. The carrier paid the doctor bills and the employer let her off from work early to meet the appointments. If the follow-up care furnished by Dr. Eney was not authorized, the employer-carrier certainly acquiesced in such care by their actions and by not objecting. The claimant had no reason to believe that her claim was being extinguished by the Statute of Limitations under these circumstances. An insurance carrier cannot mislead a claimant into believing that liability is accepted, only to later deny liability after the time has expired for filing the claim, defending on the basis of the Statute of Limitations. Howanitz v. Biscayne Electric, Inc., Fla., 139 So.2d 678.
In Robert v. Lindsay Originals, 1 F.C.R. 271, the Full Commission held that where the carrier was well aware that claimant was being treated by a chiropractor and even requested that the latter file reports, which he did, and it did not object in any way to the treatment at any time but, in fact, continued to pay compensation, the carrier could not later object to the treatment inasmuch as it had acquiesced in such treatment and waived its right to object.
In these administrative compensation proceedings involving in a great many instances actions by employees without the advice of counsel and relying upon the employer and carrier, the employer-carrier cannot be allowed to mislead the claimant as to the liability of the claim.
Under the circumstances of this case, we find that the employer-carrier is now estopped to invoke the defense of the Statute of Limitations. Certiorari is granted, the order of the Full Commission is quashed and the cause remanded with directions to reinstate the compensation order of the Industrial Judge.
It is so ordered.
DREW, Acting C. J., CARLTON and BOYD, JJ., and MANN, District Court Judge, concur.