270 So.2d 4 (1972)
Harry LANCE, Petitioner,
v.
WITTERS CONSTRUCTION et al., Respondents.
No. 42096.
Supreme Court of Florida.
November 29, 1972.
*5 Robert H. Gregory, Miami, for petitioner.
Harry M. Ross of Prunty, Ross, De Loach & Olsen, Miami, and Kenneth H. Hart, Jr., Tallahassee, for respondents.
DEKLE, Justice.
Claimant sustained a compensable injury to his back in 1954. Over the course of his injury he had surgery four times. In 1966, Dr. Jordan Davis, neurosurgeon, performed a laminectomy for a cervical herniated disc. Since then claimant has been under Dr. Davis' care, receiving palliative treatment intermittently with ultrasound, hydropack and physiotherapy. In the last six months claimant has complained of back pain, neck discomfort and pain radiating into the shoulders and left arm. Dr. Davis stated that claimant was getting worse and absent improvement he would have to go into the hospital for traction, diagnostic tests and possible surgery for which claimant has a fear because of his prior surgery and says, "I have had enough".
Claimant states that he asked Dr. Davis at this point if he would approve a chiropractor for treatment. Claimant had never gone to a chiropractor before. Claimant says the doctor told him he was not against them; "that if it will help you, okay, but I wouldn't recommend you go to a chiropractor but if you can find one that will help you, I am not against him."
Dr. Davis confirmed this: "I was never opposed to it. I feel if he says it helps him, that is fine with me. I don't recommend it but I was not opposed to it." The doctor testified that the treatment, physiotherapy, which was received in his office was sufficient and "probably relaxes the muscles as a temporary situation" but does not think massage is necessary, although he has no objection to it.
Claimant states that when he was earlier sent to the Osteopathic Hospital of North Miami Beach that he received physiotherapy in which they "worked" the muscles and "I was getting in good shape and they stopped it. I was then in good shape as I had ever been without pain, and I got pain no end."
Claimant looked up a chiropractor in the telephone book and went to Dr. Ira V. Mitzner, who is doing "the same thing ... working the muscles, deep sound, wet heat treatment" but no manipulation. Claimant's condition was relieved by the chiropractic therapy and light massage and "responded every time."
No advance request was made of the insurance carrier by the claimant to go to Dr. Mitzner; nor was any "notice of controversy" filed by the carrier when it refused to pay the three accumulated bills of the chiropractor.
Failure of claimant to make express vocal request of the employer (insurance *6 carrier) for a particular treatment is not solely determinative of the employer's obligation to pay for it if "the nature of the injury required such treatment" and the employer has knowledge of the injury and did not provide the treatment. This is the alternative "or" provision of § 440.13 of the Workmen's Compensation Act which provides that an employee is not entitled to recover such an amount expended by him for treatment unless: (1) he shall have requested employer to furnish it, or (2) unless the nature of the injury required it, and the employer failed to provide it. It might be argued here from the standpoint of the employer that it was "providing" the treatment with Dr. Davis. But since Dr. Davis acknowledges that the treatment was providing claimant relief from his injury, albeit temporary, such treatment falls within the statute as required treatment and therefore proper and compensable.
Claimant urges waiver and estoppel on the part of the employer for having filed no notice to controvert after having received the chiropractor's bills and refusing to pay them, citing Divito v. Fuller Brush Co., 217 So.2d 313 (Fla. 1969), but we need not reach this contention in view of the affirmative basis outlined above under the statute.
The Full Commission has reversed on both grounds of past due bills and future treatment, remanding "for further explanation by the JIC as to why claimant is entitled to future remedial treatment and why the claimant should be sent to Dr. Mitzner." We believe that the testimony as outlined and the findings of the JIC based thereon are sufficient and accordingly reverse the Commission and remand the cause for reinstatement of the Order of Compensation of the Judge of Industrial Claims.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON and McCAIN, JJ., concur.