DEKLE, Justice.
This cause is before us on petition for writ of certiorari to review a decision of the Industrial Relations Commission which sustained a decision of the Judge of Industrial Claims. We have jurisdiction pursuant to Fla.Const, art. V, § 3(b)(3) (1973), F.S.A. Oral argument was waived.
Claimant suffered a compensable injury to his left index finger arising out of and in the course of employment. As a result of this injury, the claimant requested that the employer furnish medical treatment as provided by § 440.13(1), Florida Statutes, F.S.A. His request was granted and the claimant was treated by Dr. Lee J. Cordrey. Dr. Cordrey found that the claimant had suffered a 20% permanent partial disability of the left index finger and based upon this finding the employer compensated claimant.
A few weeks after the completion of Dr. Cordrey’s treatment claimant, without making a request to the employer for treatment and without authorization, was examined by Dr. William A. Moore, Dr. Moore found that the claimant had suffered a 25% permanent partial disability of his finger. Based thereon, the employer increased the compensation payments to claimant for the additional disability without objection to Dr. Moore’s findings.
At issue before the Judge of Industrial Claims, the Full Commission and here is the question of whether the expense of Dr. Moore’s examination is the responsibility of the employer and whether claimant’s counsel is entitled to attorney’s fees. The Full Commission affirmed the JIC’s denial of the reimbursement, on the ground that Dr. Moore’s services were unauthorized and unrequested, and the refusal to allow an attorney’s fee.
As we recognized in Lance v. Witters Construction, 270 So.2d 4 (Fla. 1972), failure of a claimant to make a request of the employer for medical treatment is not solely determinative of the employer’s obligation to pay for it. In Lance we held that a *243 claimant is entitled to reimbursement where he either requests the employer to furnish treatment or, where the employer fails to provide treatment, the treatment is “required” by the nature of the injury, as Fla. Stat. § 440.13(1), F.S.A., provides.
Under the facts before us, the claimant admittedly did not request Dr. Moore’s service nor do we find that the examination by Dr. Moore was “required.” This determination, however, does not end our review for as we indicated in Lance a claimant might be entitled to reimbursement for unrequested and unrequired medical expenses under a third theory: estoppel of the employer. Because we found the medical services in Lance to have been “required” we did not discuss this theory. We feel that the case before us, however, presents a situation appropriate for its application.
As we have pointed out, the employer, based upon the examination by Dr. Moore, voluntarily increased the compensation payments to claimant from 20% to 25%. The employer made no objection at that time to the treatment or the increased disability rating. To accept an objection to Dr. Moore’s examination now would be to reach an inequitable result not within the spirit of the workmen’s compensation act. Such an objection is so inconsistent with the increase in compensation payments based upon the very examination for which claimant seeks reimbursement, that we must hold the employer estopped from asserting it.
For the reasons stated, certiorari is granted and the order of the Industrial Relations Commission is quashed with directions to remand this cause to the Judge of Industrial Claims for further proceedings in accordance with this opinion.
It is so ordered.
CARLTON, C. J., and ROBERTS, ERVIN, ADKINS and McCAIN, JJ„ concur.
BOYD, J., dissents.