FILED 99
Honorable John E. Scott Representative, District 87 6659 Lindenwood Place St. Louis, Missouri 63109
Dear Representative Scott:
This letter is in response to your request for this office's opinion on the following:
 "1. Under the provisions of Chapter 287, RSMo 1969, does the insurance company providing workmen's compensation insurance or the employer have the right to select the physician to provide treatment for an insured employee?
 "2. Does any provision of Chapter 287, RSMo 1969 prohibit the selection of a Doctor of Chiropractic licensed under Missouri Statutes to provide treatment for an insured employee covered by workmen's compensation insurance?"
You advise with respect to your first question that:
 "Situations have arisen wherein an employer wishes to have an insured employee treated by a particular physician and the insurance carrier intervenes, informing the patient or the employer to change physicians."
The responsibility of the employer to provide medical treatment to the employee under Missouri's Workmen's Compensation Law is set forth in Section 287.140, RSMo 1969, as follows:
 "1. In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first one hundred eighty days after the injury or disability, to cure and relieve from the effects of the injury, and thereafter such additional similar treatment as the division or the commission by special order may determine to be necessary. If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirement at his own expense. . . ."
In response to your first question, it appears from the above-quoted language of Section 287.140 that the employer has the sole responsibility to provide medical treatment to the employee; and accordingly, it is reasonable to conclude that the responsibility just noted carries with it the concomitant right to select the physician to provide such treatment. However, other statutory provisions contained in Chapter 287 need to be considered.
Section 287.030 defines "employer" and subsection 2 within this section states:
 "Any reference to the employer shall also include his insurer."
Also, it is provident to consider the language of Section287.300 which provides, in relevant part, that:
 "If the employer is not insured his liability hereunder shall be primary and direct. If he is insured his liability shall be secondary and indirect, and his insurer shall be primarily and directly liable hereunder to the injured employee, his dependents or other persons entitled to rights hereunder. . . ." (Emphasis supplied)
We construe Sections 287.030.2 and 287.300 to mean that an insurer has a responsibility concurrent to that of the employer for the provision of medical treatment under Section 287.140 of our Workmen's Compensation Law. We are of the opinion that, as in the case of the employer, this responsibility to provide treatment carries with it the concomitant right to determine what medical treatment is "reasonably required" pursuant to Section 287.140. Accordingly, it would be entirely compatible with the foregoing analysis for the insurer to select the treating physician in certain instances.
We are, of course, cognizant that the construction we have given the above-noted sections of the Workmen's Compensation Law does not provide an answer to your question of whether:
 ". . . the insurance company . . . or the employer have the right to select the physician to provide treatment for an insured employee?"
However, to answer this question we must, of necessity, find that either the employer or insurer have a paramount or superior right of selection as a matter of law. This, we choose not to do inasmuch as in the absence of any statutory or judicial direction on this question, we find it much preferable to leave this issue for private resolution by mutual agreement between the respective parties.
It is our understanding that, as a practical matter, the question of who has right to initially select a treating physician is normally resolved by prearrangement between the employer and his insurer. And, when a difference of opinion arises in this regard, the employer or insurer are, of course, free to terminate their business relationship with each other and seek a more acceptable arrangement with another party. For this reason then, it is difficult to conceive of very many instances where your first question poses a problem of any significance. It should be noted that the primary emphasis intended to be given Section 287.140 is that the injured employee should be reimbursed for expenses incurred as a result of a work-related injury. This obligation of the employer or the insurer to provide such medical treatment remains intact irrespective of whether the employer or insurer initially makes the selection of treatment and regardless of whether either party disagrees with the selection the other has made. See, e.g.: Johnson v. Kruckemeyer,29 S.W.2d 730 (St.L. Ct.App. 1930).
In conclusion, we believe that both the employer and the insurer have a responsibility to provide medical treatment to an injured employee under the Workmen's Compensation Law; however, with regard to the question of whether the employer's or insurer's right of selection of a treating physician is paramount to the other, we believe such issue is best left to private resolution by mutual agreement between the respective parties.
Your second question asks whether any provision of the Workmen's Compensation Law prohibits the selection of a duly licensed chiropractor to provide treatment for an injured employee.
At the outset, it should be noted that there is no provision within Chapter 287, RSMo 1969, which expressly prohibits or limits the use of chiropractic services in administering to the health needs of an injured employee covered by such law. Instead, the prohibition, if one exists, must be gleaned from that portion of Chapter 287 which establishes the respective rights and responsibilities of parties with respect to medical treatment. In addition, such provisions must be read in conjunction with Section 287.800
which reads, in relevant part, that:
 "All of the provisions of this chapter shall be liberally construed with a view to the public welfare, . . ." (Emphasis supplied)
The basic responsibilities of the employer and rights of the employee with respect to medical treatment are set forth in Section287.140. Subsection 1 of Section 287.140 states, inter alia,
that:
 ". . . If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirement at his own expense. . . ." (Emphasis supplied)
It seems obvious that an employee can select anyone he or she desires for treatment of an injury so long as it is at his or her own expense. That this is true, we believe, is not subject to question. However, the issue of the propriety of chiropractic servicesdoes arise under the provisions of Section 287.140 when we consider the employer's obligation to provide medical treatment and the employee's right to be reimbursed for medical costs incurred when the employer waives its right to select or refuses to designate which physician the employee should go to. This issue arises because of the language used in this section:
 "In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital
treatment, including nursing, ambulance and medicines, as may reasonably be required for the first one hundred eighty days after the injury or disability, to cure and relieve from the effects of the injury, and thereafter such additional similar treatment as the division or the commission by special order may determine to be necessary. . . ." (Emphasis supplied)
The question that may be legitimately asked is may a duly licensed chiropractor provide such ". . . medical, surgical and hospital treatment, including nursing, ambulance and medicines, . . ." so as to satisfy the employer's responsibility to his injured employee?
It is our understanding that the Missouri Division of Workmen's Compensation and Industrial Commission routinely allow reimbursement of[1] authorized chiropractic services rendered to employees under the Workmen's Compensation Law. Moreover, our review of cases from other jurisdictions indicate that a majority of courts have specifically allowed reimbursement for chiropractic services under workmen's compensation laws substantially the same as Missouri's. See, e.g.,Tom Still Transfer Company v. Way, 482 S.W.2d 775 (Tenn. 1972);Olivarez v. Texas Employers' Insurance Association, 486 S.W.2d 884
(Tex.Civ.App. 1972); Stich v. Independent Life Accident InsuranceCompany, 139 So.2d 398 (Fla. 1962); and Divito v. Fuller Brush Company,217 So.2d 313 (Fla. 1969). But, see, contra: Ingebritson v.Tjernlund Manufacturing Company, 183 N.W.2d 552 (Minn. 1971).
Based on the foregoing considerations, it is our opinion that Chapter 287 does not prohibit the use of chiropractic services for the treatment of injured employees covered under that chapter.
Therefore, it is our view that both the employer and the insurer have a responsibility to provide medical treatment to an injured employee pursuant to Section 287.140 of the Workmen's Compensation Law. Accordingly, we believe that either the employer or the insurer has a right to select a treating physician in appropriate circumstances; and, with regard to the question of who has the paramount right of selection, such issue is best left to private resolution by mutual agreement between the respective parties.
In addition, it is our view that no provision of Chapter 287 prohibits the use of chiropractic services for treatment of injured employees covered by that chapter.
Yours very truly,
 JOHN C. DANFORTH Attorney General
[1] For a statutory definition and analysis of what treatment a chiropractor is authorized to provide under Missouri law, see: Section331.010, RSMo 1969, and Attorney General's Opinions No. 148, 1968; No. 32, 1953; No. 239, 1970; and No. 56, 1972.