**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Samuel W. CARNINE, Appellee.**

**No. 17609.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 13, 1980.

Rehearing Denied April 17, 1980.

Butler, Binion, Rice, Cook & Knapp, Roger A. Rider, Houston, for appellant.

Dudensing, Webb, Tullis & Jensen, Charles W. Tullis, Houston, for appellee.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a judgment entered in a worker's compensation case based on a jury verdict for the plaintiff. Texas Employers' Insurance Association (Texas Employers') appeals. The judgment will be affirmed.

Samuel W. Carnine asserts that he was injured while in the course of his employment by Southern Pacific Transportation Company as a truck driver and loader. While loading a truck on October 14, 1976, he injured his back. He was examined the next day by Dr. Malcolm Granberry, and was subsequently hospitalized for treatment.

In answer to special issues, the jury found that Carnine sustained an accidental injury while in the course and scope of his employment by Southern Pacific Transport on or about October 14, 1976, which was the producing cause of total incapacity beginning on October 14, 1976. The jury further found that the total incapacity will end on June 14, 1984.

Texas Employers' first asserts that the trial court erred in admitting certain medical testimony. Dr. Granberry testified at the trial to a diagnosis of appellee's condition based in part on the results of a myelographic x-ray of appellee's back taken on October 15, 1976. A radiologist's report was admitted into evidence without objection. Dr. Granberry testified that the x-rays were performed by x-ray doctors at St. Luke's Hospital and that he customarily in his practice relies on other physicians whom he knows to be competent to render reports to him which aid in his diagnosis and prognosis.

The x-ray pictures were not offered into evidence. Texas Employers' asserts that it was reversible error to allow Dr. Granberry to testify concerning a diagnosis based in part upon the radiologist's report. Appellant contends that it was deprived of an opportunity to cross-examine Dr. Granberry with respect to his diagnosis because of the absence of the x-ray pictures.

■ Expert testimony based, in part, upon reports of others which the expert customarily relies upon in the practice of his profession is properly admitted into evidence. Where it appears that a witness' testimony is predicated both upon personal knowledge and hearsay, his testimony is admissable. *Slaughter v. Abilene State School*, 561 S.W.2d 789 (Tex.1977).

■ The trial court did not err in admitting this testimony. Dr. Granberry testified that he had examined the appellee on two occasions prior to the date the myelographic x-rays were taken. The doctor described numerous tests which he performed on Carnine on those occasions, and testified that he felt after his initial examinations

and prior to administration of the x-rays that Carnine probably had a ruptured disc. The hypothetical question to which objection was interposed asked Dr. Granberry to take into account the history of the patient as related to him, the nature of the accident, the x-ray examination, and his own independent physical examination. It is clear that Dr. Granberry's testimony was not based wholly on hearsay. Where a treating medical doctor's testimony is predicated both on personal knowledge and upon hearsay, the testimony is admissable. *Combined Insurance Company of America v. Kennedy*, 495 S.W.2d 306 (Tex.Civ.App.— Eastland 1973, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Rogers*, 368 S.W.2d 21 (Tex.Civ.App.—Amarillo 1963, writ ref'd n. r. e.).

By special issue number four the jury was asked to find from a preponderance of the evidence the duration of the total incapacity sustained by Samuel W. Carnine. Texas Employers' contends that there was no evidence to support the submission of that issue and also urges that there was insufficient evidence to support the answer made by the jury.

The duration and extent of disability resulting from injury is at best an estimate made by a jury and determined from all of the pertinent facts before it. *Olivarez v. Texas Employers' Insurance Association*, 486 S.W.2d 884 (Tex.Civ.App.—Corpus Christi 1972, no writ); *Employers Reinsurance Corporation v. Jones*, 195 S.W.2d 810 (Tex.Civ.App.—Beaumont 1946, writ ref'd n. r. e.).

■ There is no fixed rule of evidence by which a claimant in a worker's compensation case is required to establish the fact that he has suffered an injury that caused permanent disability. It is well settled that the factual testimony of lay witnesses will support a jury finding of total disability. *Texas Employers' Insurance Association v. Washington*, 437 S.W.2d 340 (Tex.Civ.App. —Dallas 1969, writ ref'd n. r. e.); *Texas Employers' Insurance Association v. Robison*, 241 S.W.2d 339 (Tex.Civ.App.—Dallas 1951, writ ref'd n. r. e.).

Appellee testified to the accident and its effects on him. Three lay witnesses confirmed the visible effects of the accident on the appellee. Dr. Granberry testified that appellee should not return to the type of work he has done in the past and that appellee's symptoms would remain for an indefinite period of time. Appellee's hospital records were in evidence for the jury's consideration. The evidence was sufficient to require the submission of the special issue and to support the jury's answer to that issue.

The judgment of the trial court is affirmed.

### On Motion in Re-hearing

Texas Employers' Insurance Association has complained that we misstated the record by "finding" that Dr. Granberry testified to a preliminary diagnosis. The record is not clear as to whether the deposition testimony in question was offered into evidence. The question raised is not material because Dr. Granberry's preliminary diagnosis is found in his medical records which are in evidence.

Other questions raised by the motion for re-hearing have been considered and found to require no further discussion.

The Motion is denied.