WENTWORTH, Judge,
concurring and dissenting in part.
I concur in the majority opinion except as to the reversal of the award for the expense of Dr. Harris’ treatment. The absence of a specific request for authorization is not solely determinative of the employer/carrier’s obligation. Lance v. Witters Construction, 270 So.2d 4 (Fla.1972). Although the order appealed contains no explicit finding as to the employer/carrier’s opportunity to provide the necessary treatment or waiver of control, the record shows that the physician originally authorized to treat claimant’s leg injury had discharged him for return to work, that reports indicating necessary back treatment were submitted by Harris to the Bureau and to employer/carrier, and that the employer/carrier was therefore clearly aware of Dr. Harris’ treatment and neither objected nor offered alternative appropriate care. In these circumstances I would conclude there was no error in awarding the cost of such treatment. Divito v. Fuller Brush Co., 217 So.2d 313 (Fla.1969); Depree Construction Corp. v. Robertson, 9 FCR 110 (1974), cert. denied, 312 So.2d 739 (Fla.1975); see also Lance v. Witters, supra.