WIGGINTON, Judge.
The sole issue in this workers’ compensation appeal is whether the employer/carrier is estopped from denying responsibility for payment of hospitalization expenses and attendant care undisputedly arising from a non-compensable automobile accident involving claimant. The deputy commissioner denied the claim for medical benefits. We affirm.
Claimant has a long history of back trouble, including an industrial accident with Reisler Electric on August 10, 1979, from which he had not reached MMI at the time of the automobile accident in question. As a result of his 1979 industrial injury, claimant had been repeatedly hospitalized at Sun Bay Community Hospital under the care of *1185 Doctors West and Rieth for an acute lumbo-sacral sprain. At the hearing, the hospital’s insurance verification clerk described the standard procedure for securing authorization by carriers on compensation cases. Generally, a day or so after admission, the carrier is contacted by a clerk who has only an admitting diagnosis, the patient’s and doctor’s names, and a form indicating whether the admission was covered by health insurance, medicare or workers’ compensation. This was the standard procedure used on those occasions when claimant was hospitalized for his industrial accident.
On February 23, 1981, claimant was involved in a nonwork related automobile accident. Within hours of his accident, claimant was forced to seek medical attention from Doctors West and Rieth for low back pain. They immediately placed him in Sun Bay Community Hospital. The admitting diagnosis was “acute lumbo-sacral sprain,” exactly the same diagnosis for which he had been hospitalized previously. The administrative form which reached the hospital’s insurance verification clerk was clearly designated as a compensation claim, although it is not clear from the record whether claimant designated it as such, or not. There was no indication on the form that the sprain resulted from an automobile accident. Therefore, the only notification received by the carrier was that claimant was admitted to the same hospital by the same treating physicians under the same diagnosis as when he was hospitalized for the 1979 compensable injury.
The carrier authorized the hospitalization but required confirmation every seven days. Claimant testified that while hospitalized, he called the carrier who assured him that he would be compensated for his injury. However, claimant also testified that he did not inform the carrier’s adjuster that he had been in an automobile accident, assuming that the hospital had done so. Upon receipt of Dr. Rieth’s medical report on March 30, 1981, the carrier learned for the first time that claimant’s latest hospitalization was caused by an unrelated automobile accident. The carrier timely controverted all benefits related to that accident as not necessitated by a compensable injury.
Under the circumstances, we cannot accept claimant’s contention that despite honest mistake on the part of all parties involved, only the carrier had a duty to investigate the causal relationship. The carrier did all that it could, in good faith, to meet its responsibility under the Workers’ Compensation Law, and should not be charged with the duty to second-guess a hitherto reliable hospital source.
Nor do we agree with claimant that because of the carrier’s acquiescence, he was misled. There is no evidence in the record to establish that the carrier ever withheld or misled claimant concerning the compens-ability of this accident. Unlike those cases relied on by claimant, the carrier here lacked knowledge of the status of claimant’s injury. The representation or misrepresentation was not made by the carrier but by a third party, the hospital. Cf. Engle v. Deerborne School, 226 So.2d 681 (Fla.1969); Kellner v. F N D Enterprises, Inc., 406 So.2d 1245 (Fla. 1st DCA 1981); and Pate v. Bay County School Board, IRC Order 2-3076 (December 9, 1976). Here there was no knowing, active acquiescence on the part of the carrier. For that reason, it should not be estopped from denying claimant benefits.
Accordingly, in that the confusion was not precipitated by or knowingly acquiesced in by the carrier, we affirm the deputy’s order denying claimant’s claim for medical care and attendance.
MILLS and ERVIN, JJ., concur.