PER CURIAM.
This cause is before us on appeal of an order denying a claim for reimbursement of orthopedic medical care rendered to claimant. We affirm in part and reverse in part.
Claimant injured his back and neck in a work accident in June 1987. Although initially treated by a chiropractor, his condition was not relieved. Claimant told the chiropractor he was unsatisfied, and the chiropractor told the employer and servicing agent (E/SA). They responded with a letter authorizing claimant to see any of three doctors, none of whom were osteopaths. Up to that time, claimant had not told anyone he specifically wanted an osteopath.
Claimant subsequently contacted Dr. Din-On Sun, an osteopath, and was treated once. Several days later, he filed a claim requesting authorization for Dr. Sun. The E/SA sent notices of controversion in three successive months, during which claimant continued to see Dr. Sun. Dr. Sun regularly forwarded his bills to the E/SA but did not send medical reports as required by Section 440.13(2)(b), Florida Statutes (1987). It is unclear from the record and the order whether the reports were ever filed. Shortly before the hearing on the claim, the E/SA authorized a different osteopath. Claimant testified he preferred Dr. Sun.
Under Section 440.13(2)(a), Florida Statutes (1987), a carrier’s list of health-care providers must include a representative of each type of provider defined in Section 440.13(l)(f), Florida Statutes (1987). Osteopathic physicians are one such provider, and if the E/SA do not provide such treatment after request, the claimant may proceed and have the reasonableness of his actions determined later by the deputy commissioner. § 440.13(2)(b), Fla.Stat. (1987). If the treatment is ultimately found reasonable and necessary, the employer and carrier will be held responsible for the hitherto unauthorized medical care. Kirkland v. Harold Pratt Paving, Inc., 518 So.2d 1320, 1324-1325 (Fla. 1st DCA 1987).
Because claimant did not notify the E/SA that he desired an osteopath before seeing one, we affirm the deputy’s ruling as to Dr. Sun’s first bill. However, the deputy’s reasons for refusing to order payment of the remaining bills were erroneous. Although the deputy was factually correct that (1) the E/SA provided initial care as requested by claimant, (2) alternative care was offered, and (3) the E/SA ultimately provided the kind of treatment claimant wanted, those reasons were legally irrelevant under Kirkland, supra. Providing the care initially requested by a *750 claimant does not bar claimant from subsequently requesting different care if needed; offering alternative care does not meet the E/SA’s obligation unless the alternatives offered include a health-care provider of the type described in Section 440.13(l)(f), Florida Statutes (1987), and requested by claimant; and ultimately providing the requested treatment does not meet the E/SA’s obligation to timely provide the requested care or seek a hearing. Jackson v. Publix Supermarkets, Inc., 520 So.2d 50, 51 (Fla. 1st DCA 1987).
Although we regard the E/SA’s ultimate authorization of osteopathic care to be a tacit admission that the care was reasonable and necessary within the meaning of the statute, and direct that a finding be entered to this effect, we decline to order payment of Dr. Sun’s remaining bills on the record before us. On remand, the deputy is directed to enter a finding on whether Dr. Sun ever submitted reports and, if so, to determine whether the late filing should be excused on good cause or waiver grounds under the rationale in Lovell Brothers, Inc. v. Kittles, 518 So.2d 319 (Fla. 1st DCA 1987).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.
BOOTH, SHIVERS and THOMPSON, JJ., concur.