ON MOTION FOR CLARIFICATION AND/OR RECONSIDERATION AND/OR REHEARING ON EN BANC AND/OR CERTIFICATION TO THE SUPREME COURT
PER CURIAM.
The motion for rehearing is denied; however, clarification is granted, and we delete the next-to-the last paragraph of the original opinion which ties the commencement of the running of the statute of limitations to compliance with the notice requirement of Section 440.185, Florida Statutes. We hold to our conclusion, however, that appellant is entitled to benefits where there was a failure to comply with Section 440.185 under the rule most recently applied in Wood v. McTyre Trucking Co., Inc., 526 So.2d 739, 742 (Fla. 1st DCA 1988), which provides:
Although the E/C eventually notified claimant subsequent to June 25, 1986, that claimant might be entitled to wage-loss benefits, such notification was not timely.... Furthermore, once the E/C finally notified claimant of his right to benefits, the E/C then asserted that claimant’s benefits were barred by the statute of limitations.
... [I]t would be inequitable to allow the E/C to shirk their responsibilities and obligations to notify claimant of possible benefits under the Workers’ Compensation Act, and then assert the claimant’s *234 untimely claim for benefits is barred by the statute of limitations.
An employer and its carnereare estopped from invoking the statute of limitations defense when their actions have lulled a claimant into complacency so that he does not assert his legal rights. Engle v. Deerborne School, 226 So.2d 681 (Fla.1969); Howanitz v. Biscayne Electric, Inc., 139 So.2d 678 (Fla.1962); Foster Wheeler Energy Group v. Fairhurst, 405 So.2d 438 (Fla. 1st DCA 1981).
In the instant case, the employer/carrier’s conduct effectively misled claimant into believing no legal action was necessary to protect her legal rights. They never informed claimant of possible benefits pursuant to the Workers’ Compensation Act, nor did they notify her that her long-term benefits would terminate when she turned 70, until a year after the workers’ compensation statute of limitations had expired.
Accordingly, the order is REVERSED and REMANDED for proceedings consistent herewith.
ERVIN, BOOTH and THOMPSON, JJ., concur.