561 So.2d 1298 (1990)
Jeff REYNOLDS, Appellant,
v.
OAKLEY CONSTRUCTION and Hartford Insurance Company, Appellees.
No. 89-1241.
District Court of Appeal of Florida, First District.
May 29, 1990.
*1299 Douglas H. Glicken, Orlando, for appellant.
Thomas H. McDonald of Rissman, Weisberg, Barrett & Hurt, P.A., Orlando, for appellees.
SMITH, Judge.
This is an appeal and cross-appeal from an order denying payment of a hospital bill and awarding claimant a van. We affirm the award of the van without discussion. However, we find that the judge of compensation claims erred in denying payment of the hospital bill for a medically necessary surgical procedure on the grounds that it was not properly requested prior to the surgery and not authorized.
Claimant, a paraplegic injured in an industrial accident, had one unsuccessful penile implant and sought another. Though he did not specifically request the surgery, his desire to have this procedure was communicated to the carrier's authorized representative, Ms. Brenda White, by the claimant and one of his doctors. Further, the carrier was aware that claimant's treating physician felt the surgery would benefit claimant substantially, and knew that claimant had been referred to Dr. Lasky for the purpose of having the operation. Correspondence between the doctors and the carrier's health service representative, while not affirmatively demonstrating authorization for the surgery, by the same token does not reveal a categorical refusal by the carrier. The surgery was successfully performed almost a year after the carrier became aware of claimant's desire for the surgery. Both of claimant's doctors opined that the surgery was reasonably, medically necessary. The carrier paid the doctor's bill for this surgery but refused to pay the hospital bill.
Pursuant to section 440.13(2)(a) and (b), Florida Statutes, the employer is required to furnish the claimant medically necessary treatment which includes a prosthesis, and should the employer fail to provide such treatment after request, the claimant may seek such treatment at the expense of the employer, the reasonableness and necessity to be approved by the judge of compensation claims. However, the claimant is not entitled to recover such expense unless he has requested the employer to furnish same and the employer has failed, refused or neglected to do so, or if the nature of the injury requires such treatment and the employer has knowledge of the injury and does not provide the treatment. Under the circumstances, it was error for the judge of compensation claims to hold that claimant's failure to make an express request of the employer/carrier for this surgery was fatal to his claim, since the carrier knew of his need for the surgery but failed to provide it. Lance v. Witters Construction, 270 So.2d 4 (Fla. 1972).
Alternatively, we find that the carrier should be estopped from claiming that this surgery was not authorized where the carrier knew of claimant's desire for *1300 the surgery, and that arrangements were being made for it, but failed to act or make any investigation with regard thereto for approximately a year, leading claimant to believe there was no objection to the surgery. Furthermore, the carrier paid the doctor's bill for the surgery, a fact inconsistent with the carrier's position that this surgery was not authorized. Miller v. The Tribune Company, 275 So.2d 242 (Fla. 1973); Irigoyen v. Aircraft Services, Inc., 544 So.2d 1054 (Fla. 1st DCA 1989); see also Engle v. Deerborne School, 226 So.2d 681 (Fla. 1969), and Carnegie Gardens v. Mize, 538 So.2d 1313 (Fla. 1st DCA 1989).
Finally, because the taking of Dr. Lasky's deposition was necessary for the prosecution of this claim, the judge of compensation claims erred in failing to order payment of this taxable cost.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
WENTWORTH and WIGGINTON, JJ., concur.