PER CURIAM.
This cause is before us on appeal from an order of the judge of compensation claims (JCC). Claimant raises several issues, but we address only her claim that the JCC erred in failing to award payment of her medical bills through the date of her final hearing.
The facts necessary to the resolution of this issue are that claimant sustained an industrial injury on July 28, 1988. She then came under the care of one Dr. Joye, an osteopathic physician. Dr. Joye retired from practice on or about July 1990, and claimant thereafter came under the care of one Dr. Napier, also an osteopathic physician. Representatives of the carrier denied having any knowledge, prior to November 1990, that Dr. Napier had assumed responsibility for treating claimant, and denied having ever authorized Dr. Napier. What is uncontroverted, however, is that at least by August 1990, the adjuster responsible for claimant’s case had received a handwritten letter from Dr. Joye containing the notation, “office closed 7/13/90,” and that a different adjuster, responsible for the medical aspect of claimant’s claim, had received a letter from a rehabilitation specialist stating that Dr. Napier would be taking over claimant’s medical treatment. The JCC awarded claimant payment of Dr. Napier’s medical bills through November 5, 1990, and thereafter denied payment of Dr. Napier’s bills. The JCC required, however, that the employer and carrier (E/C) authorize another physician to assume responsibility for the management of claimant’s care.
Because the E/C had notice, as of August 1990, of claimant’s need for treatment from an osteopathic physician, the E/C were then obliged to either provide such care or obtain a ruling that such care was not in claimant’s best interests. Reynolds v. Oakley Construction, 561 So.2d 1298 (Fla. 1st DCA1990); Teimer v. Pixie Playmates, 532 So.2d 37 (Fla. 1st DCA1988), rev. den., 539 So.2d 475 (Fla.1989). The E/C’s failure to do this rendered them responsible for unauthorized care by Dr. Napier. Teimer. We reject the E/C’s argument that the scheduling of various independent medical examinations was sufficient to satisfy the E/C’s obligation. Colace v. Hamlet Estates, Ltd., 573 So.2d 994 (Fla. 1st DCA1991).
*794 The order appealed from is affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
BOOTH, KAHN and MICKLE, JJ., concur.