PER CURIAM.
This appeal arises from an amended order of the judge of compensation claims (JCC) awarding claimant Jamie Reeves permanent total disability (PTD) benefits and ordering the employer and carrier to pay for past and future psychiatric care. Appellants Imperial Electric and The Claims Center (hereinafter E/C) raise two issues: whether there is competent, substantial evidence to support the award of PTD benefits from June 11, 1991 forward; and whether the JCC erred in ordering the E/C to pay for treatment by psychiatrist Dr. Arturo Gonzalez from June 30, 1992 forward. We affirm in part, reverse in part, and remand for further proceedings.
First, we affirm the award of PTD benefits. There is competent, substantial evidence to support the JCC’s finding that claimant was unable to perform even light-duty work uninterruptedly due to physical limitation. See § 440.15(1)(b), Fla.Stat. (1989), and Seligman & Latz, Inc. v. Panell, 530 So.2d 1032 (Fla. 1st DCA 1988); Pan American Bank v. Glinski, 584 So.2d 52 (Fla. 1st DCA 1991). In addition, there was competent, substantial evidence that claimant conducted a lengthy, exhaustive work search which has proved futile. See § 440.15(1), Fla.Stat. (1989); and Carter v. City of Venice, 584 So.2d 577 (Fla. 1st DCA 1991).
However, we hold that the JCC erred in establishing June 11, 1991, as the date claimant became permanently totally disabled. The JCC apparently based this finding on the testimony of claimant’s orthopedic surgeon, Dr. William Mahan. Our review of the record indicates that although Dr. Mahan testified that claimant had a permanent impairment and had reached maximum medical improvement on June 11, 1991, he did not testify that claimant was permanently and totally disabled. See, e.g., Townsend & Bottom v. Bonds, 610 So.2d 619 (Fla. 1st DCA 1992). MMI is not, in and of itself, synonymous with permanent total disability in the absence of additional facts such as an obviously incapacitating injury or concurrent medical opinion of permanent total disability. Marvin v. Rewis Roofing, 553 So.2d 314 (Fla. 1st DCA 1989). In fact, on the date in question, Dr. Mahan had released claimant for light-duty work with the employer, which the claimant subsequently performed for a short period. See § 440.15(l)(b), Fla.Stat. (1989) (PTD benefits shall not be paid “if the employee is engaged in, or is physically capable of engaging in, gainful employment.”) Thus, there is no competent, substantial evidence to support the JCC’s commencement of PTD benefits from June 11, 1991. We reverse and remand for the trial court to determine when, based on the record, claimant became permanently and totally disabled, and award benefits from that date forward.
Second, we reverse the JCC’s order as to the E/C’s responsibility for payment of claimant’s initial treatment with Dr. Gonzalez on June 30, 1992. See Deriso v. Great Western Meats, 534 So.2d 748 (Fla. 1st DCA 1988); Workman v. McDonnell Douglas Corp., 590 So.2d 1035 (Fla. 1st DCA 1991). The record reveals that claimant did not request psychiatric care from the E/C until after this first treatment. Nor were claimant’s psychiatric problems known or apparent to the E/C at the time. § 440.13(2)(b), Fla.Stat. (1989); see Reynolds v. Oakley Construction, 561 So.2d 1298 (Fla. 1st DCA 1990). We affirm that part of the JCC’s order requiring the E/C to pay for treatment by Dr. Gonzalez after the initial treatment. See Dubois Farms, Inc. v. Paul, 566 So.2d 923 (Fla. 1st DCA 1990). There is competent, substantial evidence supporting the JCC’s determination that the alternative care offered by the E/C was inappropriate and unacceptable.
To summarize, we affirm the order establishing PTD, but reverse and remand for determination of the actual date claimant became permanently and totally disabled. We also affirm the order requiring the E/C to pay for psychiatric care provided by Dr. Gonzalez, but only after the date of first treatment. All other aspects of the JCC’s order are affirmed.
BOOTH, WOLF and WEBSTER, JJ., concur.