SUNDBERG, Justice.
This claim for workmen’s compensation benefits under Chapter 440, Florida Statutes, came before a Judge of Industrial Claims who entered an order on September 13, 1974, awarding payment of benefits to the claimant. The Industrial Relations Commission reversed the order and remanded the cause for further findings. On May 19, 1975, the Judge of Industrial Claims entered an order for payment of the same benefits. The Industrial Relations Commission on January 6, 1976, reversed in part and affirmed in part, and it is from that order that review is sought here by way of *800 petition and cross-petition for writ of cer-tiorari. Several issues have been raised, but the only one that we deem worthy of consideration is whether, as the Industrial Relations Commission held, the Judge of Industrial Claims erred in making an award for reimbursement of medical expenses. Petitioners/cross-respondents Bay Plumbing Company, Inc. and Allstate Insurance argue that the claimant was not entitled to the award.
As noted in the order of the Judge of Industrial Claims dated May 19, 1975, the claimant (respondent/cross-petitioner)' Harbin’s claim which was filed on February 27, 1974, prayed “for all compensation benefits to which he may be entitled pursuant to Florida Statute 440.” Inter alia claimant specifically requested “reimbursement for past medical expenses incurred as a result of said accident including doctor’s bills, hospital bills, medical transportation and medicines.” It was specifically stated in the order of the Judge of Industrial Claims that “[c]laim was made for all benefits to which the claimant is entitled under Florida Statute 440, and more specifically, but not by limitation, for temporary total disability from January 13, 1974, until the date of the final hearing and continuing until the date of maximum medical improvement, payment and reimbursement of past medical, future medical, surgery, costs and attorney’s fees.” (Emphasis supplied)
Petitioners/cross-respondents argue that the issues are not framed by the claim but by the claimant’s position at the time of hearing before the Judge of Industrial Claims. They further argue that no request was made for reimbursement of medical expenses at the hearing on May 2, 1974, and that therefore the claim was not properly before the Judge of Industrial Claims. Petitioners argue that the award of reimbursement under these circumstances was a denial of due process in that a litigant is entitled to know what he is called upon to defend. This is the same reasoning relied upon by the Industrial Relations Commission in its January 6, 1976, order reversing the Judge of Industrial Claims as to the award for reimbursement.
Neither petitioners nor the Industrial Relations Commission cite any authority for the proposition that the issues are framed as of the time of hearing. Rule 5 of the Florida Workmen’s Compensation Rules of Procedure provides:
“Claims for compensation shall be filed with the Bureau [of Workmen’s Compensation], and shall contain the name, social security number, and address of the employee, the name and address of the employer, and a statement of the time, place, nature, and cause of the injury or such fairly equivalent information as will put the Bureau and the employer on notice concerning the identity of the parties and the nature of the claim. . . .”
(Emphasis supplied)
The same filing requirement is contained in Section 440.19(l)(c), Florida Statutes (1975). Section 440.25(2), Florida Statutes (1975), requires the employer and any other interested parties to be notified of a claim. Such notice is required to be served either personally or by regular mail. Petitioners in their brief have not maintained that they failed to receive the statutorily required notice of the claim. Nor have petitioners alleged that they were without notice that respondent’s claim prayed for reimbursement of medical expenses. Their argument is merely that since respondent did not specifically renew his claim for reimbursement before the Judge of Industrial Claims, they were denied due process notice. Petitioners have failed to persuade us that due process notice sets so high a standard.
Petitioners cite us to Haygood Floors, Inc. v. Catherine O. Nichols, IRC Order 2-2887 (1975), and argue that it is controlling. Without passing on the merits of that decision, we find that it is not on all fours factually. In that case, a claim was filed and an order was issued by the Judge of Industrial Claims. Subsequently claimant filed another claim and the Judge issued a modified order. The Industrial Relations Commission reversed on the grounds that there was a denial of due process since the *801 claimant had not filed a petition for modification but merely a claim, and consequently appellants were not on notice that the proceeding was merely to be a hearing to modify the previous order rather than a hearing on a separate claim. In the cause sub judi-ce, petitioners do not argue that they were not noticed as to the nature of the hearing but rather that the issues were not properly framed.
In light of the above discussion and the wide discretion that is afforded the Judge of Industrial Claims in conducting workmen’s compensation hearings by Section 440.29, Florida Statutes (1975), we hold that due process notice requirements were adequately met by claimant’s request for reimbursement in the claim. Consequently, the order of the Industrial Relations Commission is reversed as to the award of reimbursed medical expenses.
The January 6, 1976, order of the Industrial Relations Commission also reversed and remanded the cause for a recom-putation of attorney’s fees. The sole reason given for reversal as to this point was its reversal as to the reimbursed medical expenses. Having determined that the reversal as to medical expenses was in error, we likewise hold that the reversal as to attorney’s fees was also in error.
The petition for writ of certiorari is denied, and the cross-petition for writ of cer-tiorari is granted with instructions to reinstate in its entirety the award of the Judge of Industrial Claims.
OVERTON, C. J., and ROBERTS, ADKINS and HATCHETT, JJ., concur.