384 So.2d 269 (1980)
FARM STORES and Employers Insurance of Wausau, Appellants,
v.
Darlene DYRDA, Appellee.
No. QQ-286.
District Court of Appeal of Florida, First District.
June 9, 1980.
Steven Kronenberg of Pyszka, Kessler & Adams, Miami, for appellants.
Arthur Newman, P.A., Miami, for appellee.
PER CURIAM.
The order on appeal is affirmed except as to the award of Dr. Ticktin's bill for services which were unauthorized and rendered at a time when the employer/carrier was voluntarily providing medical attention. The award of this bill is accordingly reversed. Corporate Group Services, Inc. v. Lymberis, 146 So.2d 745 (Fla. 1962); Sun Bank of Florida v. Hicks, IRC Order 2-3867 (July 25, 1979).
There is case support for the proposition that due process problems arise when the deputy commissioner undertakes to rule on issues not framed by the parties. Florida Production Engineering v. Fisher, IRC Order 2-3437, cert. denied, 368 So.2d 1366 (Fla. 1979); Alterman Transport Lines, Inc. v. Hawkins, IRC Order 2-3180 (1977), cert. denied, 354 So.2d 978 (Fla. 1977); U.S. Steel Corp. v. Green, 353 So.2d 86 (Fla. 1977); Haygood Floors, Inc. v. Nichols, 9 FCR 344 (1975). The Florida Industrial Relations Commission, in Sea Ray Boats, Inc. v. Snedeker, 9 FCR 318 (1975), however, rejected the due process argument and affirmed the deputy commissioner's award of unclaimed temporary partial disability benefits. In *270 rejecting the appellants' argument that a claim for temporary total disability benefits would not allow for an award of temporary partial the Commission pointed out:
[I]f appellants agreed that appellee had not reached maximum medical improvement, and was less than temporarily and totally disabled, we find it difficult to apprehend such an element of surprise as to a finding of temporary partial disability that would justify a reversal for lack of due process.
The instant case is factually similar in that neither surprise nor prejudice is demonstrated. As in Snedeker, it is difficult to imagine that the carrier would not be on notice that the denial of claimed temporary total disability benefits might well result in an award of temporary partial where there is a gap between the cessation of temporary total disability and the date of maximum medical improvement. We find no demonstrated prejudice or surprise, nor for that matter has any been alleged. The carrier relies upon the proposition that as a matter of law temporary partial disability benefits cannot be awarded because they were not claimed. This is not altogether true for although the claimant did not put such benefits at issue in the pretrial stipulation, Attorney Arthur Newman's letter to the claims administrator set forth a claim for temporary partial disability benefits. A copy of this letter went to Farm Stores at 11190 West Flagler Street, Miami, Florida. According to the notice of hearing sent to the parties by the deputy commissioner on August 11, 1978, the following issues were in dispute: temporary total and/or partial, permanent total and/or partial, 40 weeks rehabilitation, medical expenses, nursing, transportation, medical care, penalties, interest, costs, attorney's fees, average weekly wage. Bay Plumbing Co., Inc. v. Harbin, 337 So.2d 799 (Fla. 1976) affirms that issues are not framed as of the time of the hearing. Appellants' argument is essentially the same argument raised in Bay Plumbing, supra, to wit: that since the claimant did not renew his claim for temporary partial disability benefits before the deputy commissioner, the carrier was denied due process notice. Justice Sundberg points out in Bay Plumbing that due process does not set so high a standard. The award of temporary partial benefits is accordingly affirmed.
ROBERT P. SMITH, Jr. and SHAW, JJ., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
I dissent. Crews v. Town of Bay Harbor Islands, 378 So.2d 1265 (Fla. 1st DCA 1979).