390 So.2d 191 (1980)
CENTRAL OIL CO. and Peninsular Fire Ins. Co., Appellants/Cross-Appellees,
v.
Frederick E. CAMPEN, Appellee/Cross-Appellant.
No. SS-205.
District Court of Appeal of Florida, First District.
November 26, 1980.
Joseph E. Smith of Miller & Cooper, Orlando, for appellants/cross-appellees.
*192 Kurt P. Hampp of Jacobs, Robbins & Gaynor, St. Petersburg, for appellee/cross-appellant.
THOMPSON, Judge.
The appellants challenge a worker's compensation Order, contending in part that: (1) the Deputy Commissioner ("the Deputy") erred in ordering the appellants to provide for the claimant's examination at a pain clinic; and (2) the Order lacks a decretal clause or mandate. We agree and reverse.
In February 1977, the claimant was involved in a work-related accident. The appellants paid temporary total disability benefits until October 1978, when they began paying permanent partial disability benefits. On July 31, 1979, a hearing was held. The claimant's application for this hearing made no reference to any request or need for the services of a pain clinic. The same is true of the Notice of Hearing. Nor was any testimony presented on this issue. The Deputy subsequently entered his Order, finding in part that the appellants should provide for the claimant's examination at a pain clinic.
This court has recognized that "due process problems arise when the deputy commissioner undertakes to rule on issues not framed by the parties." Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980). In this case, the Deputy, by ordering that the appellants furnish the claimant with the services of a pain clinic, ruled on an issue which was neither raised nor anticipated by the parties herein. Thus, the appellants properly complain of a lack of adequate notice regarding this issue, thereby resulting in a denial of their rights to due process.
Additionally, the Deputy had no statutory authority to sua sponte order that the claimant be examined at a pain clinic with the costs to be borne by the appellants. Section 440.25(3)(b), Fla. Stat., is inapplicable, since there was no conflict in the medical evidence. Section 440.25(6), Fla. Stat., is inapplicable because it does not provide for the assessment of costs, while § 440.29(1), Fla. Stat., is inapplicable for the same reason. See Lu-Mar Enterprises, Inc. v. Mazur, 8 FCR 248, 249 (1974).
We recognize that treatment at a pain clinic may constitute remedial treatment pursuant to § 440.13(1), Fla. Stat. See Planning Research Co. v. Shy, 379 So.2d 1047 (Fla. 1st DCA 1980). Also, § 440.13(2), Fla. Stat., provides that a Deputy "may at any time, for good cause shown, ... order a change in such remedial attention, care, or attendance." (emphasis supplied) Here, however, there was no showing of good cause: the Deputy simply ordered an examination based on his own observations of the claimant. Accordingly, he acted without authority.
The appellants also argue that the Order is devoid of a decretal clause and is therefore invalid. We note that although the Order does sufficiently mandate that the appellants provide for an examination at a pain clinic, this portion of the Order is invalid, as discussed above. Outside of this provision, the Order makes certain other findings, but does not mandate the rights and responsibilities of the parties in light of those findings. Therefore, the Order is defective. See Dade Paper Co. v. Farrell, IRC Order 2-3703 (Feb. 19, 1979). See also § 440.25(3)(c), Fla. Stat.
We have considered the remaining point raised by the appellants, as well as the claimant's point on cross-appeal, and find them both to be without merit. Accordingly, we reverse the Deputy's Order and remand this cause for reconsideration consistent with this opinion.
MILLS, C.J., and McCORD, J., concur.