SHIVERS, Judge.
Employer/carrier appeal a workers’ compensation order awarding claimant temporary partial disability benefits, payment of an outstanding medical bill, and a 35% permanent partial disability of the left leg. We affirm.
This appeal presents three questions. First, the employer/carrier contend they were denied their right to due process when the deputy commissioner awarded temporary partial disability benefits, alleging that the issue of temporary partial disability had not been placed into issue and they were therefore prejudiced by the lack of advance notice of the necessity to defend such a claim.
This question is without merit. The record reflects that the workers’ compensation claim, as well as the notice of hearing, clearly and expressly states that the claimant was seeking temporary total and temporary partial disability compensation. Due process notice requirements are adequately met by a claimant’s request for benefits set out in a claim, Bay Plumbing Company, Inc. v. Harbin, 337 So.2d 799 (Fla.1976), and the request need not be renewed before the deputy commissioner. G & S Packing Company v. Driggers, 382 So.2d 446 (Fla. 1st DCA 1980). Moreover, the pretrial stipulation, which was accepted by the deputy commissioner, indicates the claimant was seeking temporary total disability benefits. The employer/carrier should be on notice that the denial of claimed temporary total disability benefits might well result in an award of temporary partial disability benefits if there is a gap between the cessation of temporary total disability and the date of maximum medical improvement. See, Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980).
The second question is whether it was error to award payment of Dr. Arnold’s medical bill and an associated bill for physical therapy. The employer/carrier object to payment for the medical treatment rendered by Dr. Arnold because he was unauthorized to treat the claimant, failed to file timely medical reports on the prescribed workers’ compensation forms, and, further, because Dr. Arnold’s medical bills were not submitted into evidence at the hearing below.
The deputy commissioner did not err in awarding payment of Dr. Arnold’s medical bill and the associated bill for physical therapy which was part of Dr. Arnold's treatment of the claimant’s injury. A claimant may recover payment of an unauthorized physician’s medical bill if the nature of the injury requires treatment and the employer had knowledge of the injury and does not provide treatment. Lance v. Witters, 270 So.2d 4 (Fla.1972). The record shows that the nature of claimant’s injury required the treatment received from Dr. Arnold and that the employer/carrier knew of the need for such treatment. Upon learning that the claimant was moving to Fayetteville, Arkansas, the authorized Florida physician advised the claimant that she should arrange to see an orthopedic surgeon when she arrived in Arkansas, and provided her with a paper containing information concerning her need for medication and periodic blood tests to be given to the Arkansas physician. Since the Florida physician also notified the carrier of the claimant’s need for periodic medical supervision for the rest of her life, the employer/carrier could not argue that they did not know of her need for continued treatment for her injuries.
However, more significant to the resolution of this question is the finding that Dr. Arnold’s clinic contained the only orthopedic surgeons in the Fayetteville area. Although the carrier did not specifically authorize treatment by Dr. Arnold, it would be unreasonable for the employer/carrier to have required the claimant to *1044 travel outside of the local Arkansas community for treatment by another orthopedic surgeon. Besides, Dr. Arnold informed the carrier of his treatment of the claimant and submitted narrative medical reports and no formal objection to such treatment was ever made by the carrier. Since the treatment rendered by Dr. Arnold was required and his clinic was the only source of orthopedic care in the area, there was no error in awarding payment for his medical services, especially since the authorized physician acknowledged its necessity. Moreover, because Dr. Arnold, in turn, referred the claimant to Gene Anderson, a physical therapist, the award of his bill was also proper. McKinney v. McKinney, 380 So.2d 469 (Fla. 1st DCA 1980).
As to the failure of Dr. Arnold to file timely medical reports on the prescribed workers’ compensation forms, Section 440.-13(1), Florida Statutes (1973) provides the deputy commissioner with the authority to excuse the failure to timely file the reports for good cause. Hardware Mutual Casualty Company v. Sutton, 197 So.2d 502 (Fla. 1967); Jackson Plumbing v. Butcher, 8 FCR 320 (1974); Sears v. Latimer, IRC Order 2-3718 (1979). It cannot be said that a deputy commissioner abused his discretion in excusing the untimely filing of the medical reports since Dr. Arnold was an out-of-state physician and he did in fact file periodic narrative medical reports to the carrier.
Additionally, although Dr. Arnold’s medical bills were not introduced into evidence, he did testify as to the amount of the bills and their causal connection to the treatment rendered to the claimant for her injuries. His testimony was corroborated by the claimant as well as his own narrative medical reports which were introduced into evidence.
Finally, the employer/carrier assert that the award of a 35% permanent partial disability of the left leg was erroneous because the physician who assigned the 35% anatomical rating had assigned a different date of maximum medical improvement than the date of maximum medical improvement accepted by the deputy commissioner which was based upon the testimony of the claimant and another physician.
We disagree. It is the responsibility of the deputy commissioner to evaluate all of the testimony in a case and to resolve all conflicts. Crowell v. Messana, 180 So.2d 329 (Fla.1965). When dealing with a scheduled injury, expert medical testimony is non-conclusive and a deputy commissioner is free to consider other evidence in arriving at a permanent partial loss or loss of use of a scheduled member. Kennedy v. Tyson, 382 So.2d 820 (Fla. 1st DCA 1980); Magic City Bottle and Supply Company v. Robinson, 116 So.2d 240 (Fla.1959). Based upon the record, there is competent, substantial evidence comporting with logic and reason to support the award of a 35% permanent partial disability of the left leg.
Accordingly, the appealed order is AFFIRMED.
ERVIN and SMITH, JJ., concur.