MILLS, Chief Judge.
Appellants contend that the determination by the Deputy Commissioner in this case involving a workers’ compensation modification that the claimant, Daniel Suarez, has sustained a 55% loss of wage-earning capacity was error because Suarez failed to conduct a work search after the second date of maximum medical improvement. We agree and reverse.
Suarez suffered an admittedly compensa-ble accident while working with Suave Shoe Corporation, injuring his back. Since there have been two operations, two dates of MMI, and prior workers’ compensation orders, the chart of the dates and relevant incidents may be helpful:
20 October 1972 — date of accident.
6 December 1973 — first operation.
18 June 1974 — first date of MMI, with an assigned rating of 15% permanent physical impairment to the body as a whole.
*778 2 February 1976 — workers comp order finding 27V2% permanent partial disability based on loss of wage-earning capacity.
10 September 1976 — second operation.
20 July 1977 — second date of MMI with an assigned rating of 15% permanent physical impairment of the body as a whole and 25% permanent physical impairment to the lower right extremity.
The record also shows that from 10 July 1974 to March of 1976 the claimant worked at Gator Shoes and that he had not worked since and had not sought employment since that time.
A recent case from this court, General Electric Company v. Osborne, Case No. UU-48, Opinion filed March 10, 1981, is directly on point. There, as here, though the worker was able to show a change of physical condition, the increase in benefits was based on an increased loss of wage-earning capacity, but there was no evidence that the work search requirement had been met. Walker v. Electronic Products, 248 So.2d 161 (Fla.1971).
In Exxon Company v. Alexis, 370 So.2d 1128 (Fla.1978), the Supreme Court reversed an award based on a 40% loss of wage-earning capacity where the claimant was reemployed after his first hospitalization, but made no further efforts to seek employment after he was terminated approximately three months prior to the date of maximum medical improvement, stating:
It is well established that in order to justify an award of compensation based upon a diminution of wage-earning capacity, a claimant must show that he has made an effort to test his employability in the open labor market after having reached maximum medical improvement. (370 So.2d 1132)
Since there is no evidence of a work search, Suarez has failed to demonstrate a disability in excess of the rating of 27V2% permanent partial disability in February 1976 and, therefore, recovery is limited to that rating.
Because of our disposition of the point raised on appeal, we need not rule on the issues raised on the cross-appeal.
REVERSED and REMANDED for proceedings consistent with this opinion.
WENTWORTH, J., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.