ERVIN, Judge.
In this workers’ compensation action, the employer/carrier raises four points on appeal, three of which we find unavailing. We agree, however, with appellant’s second point, contending that the deputy commissioner erred in awarding the claimant temporary partial benefits after September 1, 1980, notwithstanding the fact that the claimant made no claim for such benefits either at her hearing or otherwise. In addition to the award of temporary partial benefits, the deputy awarded the claimant temporary total benefits beginning from the date of the accident on December 21, 1979, and continuing until the commencement of the temporary partial benefits. The claimant had filed a claim for temporary total benefits, and at the hearing took the position that she had as yet not reached maximum medical improvement (MMI).
Section 440.19(2)(d), Florida Statutes (1979), requires a claimant to file a claim for all specific benefits due him under Chapter 440. Consequently, the deputy commissioner may only award such benefits which are properly claimed. G. & S. Packing Co. v. Driggers, 382 So.2d 446 (Fla. 1st DCA 1980); Ceco Corporation v. Lavin, IRC Order 2-2975 (June 11, 1976).
We acknowledge that in Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980), and in Sea Ray Boats, Inc. v. Snedeker, IRC Order 2-2860 (October 15, 1971), the respective bodies sustained a deputy’s award of temporary partial disability benefits, even though those benefits had not been claimed. Both Dyrda and Snedeker are, however, distinguishable from the case at bar. In Snedeker, the employer agreed that the claimant was less than temporarily totally *1343 disabled and had yet to reach MMI. In Dyrda, the parties apparently stipulated to an MMI date which had occurred subsequent to the date the employer contended that temporary total disability had ceased. Thus the court noted:
[I]t is difficult to imagine that the carrier would not be on notice that the denial of the claimed temporary total disability benefits might well result in an award of temporary partial where there is a gap between the cessation of temporary total disability and the date of maximum medical improvement.
384 So.2d at 270.
Here, however, the employer/carrier defended on the basis that the claimant’s injury was not compensable, or alternatively, that the claimant had reached MMI on January 16,1980, before the bulk of the claimed benefits were due since the employer/carrier had voluntarily paid temporary total benefits until May 17, 1980. Thus, the employer was not resisting the claim in a manner which would either invite a finding of temporary partial disability, or put the employer/carrier on constructive notice of possible but unclaimed benefits, as in Snedeker or Dyrda.
Moreover, the employer/carrier’s contention that it was actually denied due process from the appellee’s failure to make a specific claim for temporary partial disability benefits is well taken. The conceptual basis of recovery for temporary total disability differs from that of temporary partial disability. The former is based on physical impairment, while the latter is based on loss of wage earning capacity. Here, the employer/carrier may have been prejudiced by not having been notified of the unclaimed benefits since it did not have the opportunity to prepare a defense and/or present evidence relevant to the specific issue of the claimant’s wage loss after September 1, 1980.
Accordingly, the deputy’s award of temporary partial benefits is reversed. The order is otherwise affirmed.
MILLS and LARRY G. SMITH, JJ., concur.