PER CURIAM.
That part of the Deputy’s order of 23 December 1980 finding that Lawton has an 8% anatomic disability and ordering the employer/carrier to pay at this rate less credit for permanent partial disability compensation previously paid to Lawton, is reversed because this finding exceeds the scope of-the hearing.
The application for hearing, the amended application, the notice of hearing, and the pre-hearing discussion of the issues were limited to medical care, temporary total disability and whether previously paid permanent partial compensation should be converted to temporary total.
The Deputy erred when he entered an order for permanent partial disability after a hearing expressly limited to the issues set forth above. Because of this action Lawton was deprived of due process, the right to submit evidence on her permanent partial disability. Diplomat v. Grimes, 379 So.2d 1025 (Fla. 1st DCA 1980); City of Hialeah v. Hilyard, 379 So.2d 1029 (Fla. 1st DCA 1980); Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980).
*629 Reversed and remanded for appropriate action consistent with this opinion.
MILLS, ERVIN, and LARRY G. SMITH, JJ., concur.