PER CURIAM.
This cause is before us on appeal from a Deputy Commissioner’s order denying payment of certain medical bills incurred by the claimant in treatment of a back injury. The parties stipulated that the injury arose out of and in the course of her employment. The deputy ruled, however, that medical services rendered by Dr. Joseph Cauthen and by North Florida Regional Hospital in January, 1980, were unauthorized.
The employer/carrier stipulated that proper notice of the accident had been given, that Dr. Cauthen had requested authorization prior to performing back surgery, and that such authorization had been withheld without any offer of alternative treatment. Under such circumstances, the Deputy Commissioner erred in denying payment of Dr. Cauthen’s and North Florida Regional Hospital’s bills incurred in the necessary treatment of the claimant’s admittedly compensable injuries. See Hall's Camp, Inc. v. Decker, 394 So.2d 1041 (Fla. 1st DCA 1981); Lance v. Witters, 270 So.2d 4 (Fla. 1972).
*811 Claimant’s failure to introduce medical bills into evidence does not preclude the recovery of those expenses since Dr. Cau-then testified as to the amount of his charges and their causal connection to the claimant’s injury, See Hall’s Camp, Inc. v. Decker, supra at 1044, and the amount of North Florida Regional Hospital’s bills may be determined on remand. Accordingly, that portion of the Deputy Commissioner’s order denying payment of Dr. Cauthen’s and North Florida Regional Hospital’s medical bills is reversed and remanded for further proceedings in accordance with this opinion.
BOOTH, SHAW and WENTWORTH, JJ., concur.