410 So.2d 601 (1982)
The AUSTIN Company and General Accident Group, Appellants,
v.
Paul LINDENBERGER, Appellee.
No. AD-50.
District Court of Appeal of Florida, First District.
March 1, 1982.
Mark L. Zientz, of Williams & Zientz, Coral Gables, for appellants.
Donald F. Harrington, P.A., Miami, for appellee.
WIGGINTON, Judge.
Claimant sustained a compensable injury to his lower back on May 18, 1976, for which he was awarded compensation benefits. The compensation was paid through August *602 9, 1978. In September, 1978, at claimant's request, the employer/carrier (E/C) authorized an evaluation of claimant's physical condition. Claimant thereafter received treatment from two physicians, and, on May 5, 1980, filed a Petition for Modification pursuant to Section 440.28, Florida Statutes (1979). By order dated April 20, 1981, the deputy commissioner ruled that claimant had suffered an increase in his "permanent and partial loss of wage earning capacity" from 12% to 25%. He therefore ordered the E/C to pay increased compensation benefits and to furnish "such remedial treatment, care and attendance as the nature of the injury or the process of recovery may require."
On appeal, the E/C challenged the deputy's order on three points. We agree with the E/C and reverse as to all three.
First, the E/C contend that the deputy's order modifying the February, 1978, order is not based on competent substantial evidence. Our review of the record substantiates that contention. The testimony offered at the hearing as to changed condition and loss of wage earning capacity is at best, skeletal. The one physician offered no testimony as to observed symptoms or objective facts. Oglesby v. Southern Bell Telephone and Telegraph Company, 397 So.2d 291 (Fla. 1981). The other physician testified that there had been no change in condition. Claimant's own testimony, as to increase in intensity of pain and inability to do hard work, standing alone, is insufficient to establish change in condition. Mahler v. Lauderdale Lakes National Bank, 322 So.2d 507 (Fla. 1975); Cheathem v. Fruit Bowl, Inc., 184 So.2d 171 (Fla. 1966).
Second, the E/C argue that there is insufficient evidence on which to predicate a finding of increased wage earning capacity loss from 12% to 25%. We agree. The record reveals that the E/C sufficiently rebutted claimant's alleged job search. See generally, Suave Shoe Corporation v. Suarez, 396 So.2d 777 (Fla. 1st DCA 1981) and cases cited therein.
Finally, E/C complain that the deputy erred in ordering that appellants furnish claimant remedial treatment, care and attendance when no corresponding claim to those benefits was made by claimant. This court has recognized that "due process problems arise when the deputy commissioner undertakes to rule on issues not framed by the parties." Farm Stores v. Dyrda, 384 So.2d 269 (Fla. 1st DCA 1980); Central Oil Co. v. Campen, 390 So.2d 191 (Fla. 1st DCA 1980). To prevent surprise and prejudice, Section 440.19(2)(d) requires any claim for benefits filed with the division be specific as to the particular benefits being claimed.
In the instant case, claimant did not file a claim for remedial attention pursuant to Section 440.19(2)(b). His Petition for Modification did not make reference to any request for remedial attention, nor did the Notice of Hearing. Neither was any claim for remedial attention made at the hearing. Consequently, the deputy ruled on an issue which was neither raised nor anticipated by the parties herein. Thus, the issue not being framed by the parties and the record being otherwise silent, we agree that there was a total lack of notice and the award of remedial attention benefits was incorrect. Campen, Id. at 192; See also Lawton v. Florida Steel Corporation, 403 So.2d 628 (Fla. 1st DCA 1981); and Albertson's Southco v. Williams, 402 So.2d 1342 (Fla. 1st DCA 1981).
Since there is no evidence of a change in claimant's condition and no evidence that he conducted an adequate work search, claimant has failed to demonstrate a disability in excess of the rating of 12% permanent partial loss of wage earning capacity upon which the February, 1978, order was based. Accordingly, the order of the deputy is reversed.
Because of our disposition of the points raised on appeal, we need not rule on the issue raised on the cross-appeal.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH, J., concur.