WENTWORTH, Judge.
Employer/carrier appeals an order awarding workers’ compensation benefits for wage loss based on forms timely filed between July 6 and November 6, 1981. Jurisdiction was reserved to classify such benefits as permanent disability “wage loss or temporary total/temporary partial” after receipt of a medical report required by the order “to resolve the question as to the extent or need of further ophthalmological care.” The parties have not noted the patently non-final character of the order. See Mills Electrical Contractors v. Marthens, 417 So.2d 700 (Fla. 1st DCA 1982). Because appellant asserts the absence of essential record predicates for both permanent and temporary wage loss benefits, we elect to treat the issues raised by application of certiorari standards, and in the exercise of that jurisdiction we conclude the order does not depart from the essential requirements of law.
Appellant contends the interim award cannot be sustained as either permanent or temporary disability compensation because of (1) the absence of a specific claim for temporary partial disability benefits, (2) the absence of determination or proof of the prerequisite permanent impairment for permanent disability wage loss, and (3) the lack of eligibility for temporary total disability compensation following claimant’s medical release.
We conclude preliminarily that, upon the conflicting evidence before him, the deputy did not err in reserving jurisdiction on the issue of maximum medical improvement pending receipt of the further medical evaluation authorized by the order. § 440.25(3)(b), Florida Statutes. Without foreclosing the question of future modification by reclassification, we also affirm the interim award (except for the two-weeks’ period conceded by claimant) as one for wage loss for temporary partial disability, because the deputy effectively determined that on the existing record claimant has not reached maximum medical improvement. He found “[t]he claimant is in need of additional remedial care” and expressly rejected the contrary medical testimony. Those factual findings, together with the assessment of claimant’s effort as a “conscientious job search ... made in an attempt to find employment” after his medical release, appear to be within the deputy’s ordinary province on this record. We find no indication that claimant voluntarily limited his income or failed to accept appropriate em *381 ployment. § 440.15(4)(b), Florida Statutes. Vida Appliances v. Gates, 416 So.2d 1186 (Fla. 1st DCA 1982).
With respect to appellant’s contentions that only temporary total and permanent disability compensation were in issue because the wage loss claims did not refer to temporary partial disability, we find no substantive merit. When, as here, claims for both temporary total and permanent disability wage loss for a defined period are the subject of a hearing, and maximum medical improvement is also in controversy, then the award of wage loss benefits for temporary partial disability is in order because, except for the existence of permanent impairment (not involved in temporary benefits), wage loss standards for temporary partial and permanent wage loss do not differ in any way which impacts the defense of such claims. Due process standards, which dictate specification of benefits in issue, are therefore not infringed because the defense of such a claim is not prejudiced in any way, as might be the case when no wage loss claim is in controversy for the period in question. See Albertson’s Southco v. Williams, 402 So.2d 1342 (Fla. 1st DCA 1981). Cf., Farm Stores v. Dyrda, 384 So.2d 269, 270 (Fla. 1st DCA 1980).
Appellant’s final contention is that the deputy had no jurisdiction and no evidence to make the factual finding that “the employer terminated the claimant because of a valid claim he made for compensation benefits,” as proscribed by § 440.205, Florida Statutes. Cited for reversal on this point is the decision in Piezo Technology v. Smith,[1] “that a deputy commissioner is without jurisdiction to make such a determination unrelated to any pending claim for benefits ... under Chapter 440,” Florida Statutes (emphasis supplied). That opinion concluded that the “Section 440.205 wrongful discharge finding in the case before us is neither a claim for ‘compensation’ nor ‘benefits’ as those terms are used in Chapter 440,” in view of the fact that a prior order had denied all additional benefits for the claim in question. The decision plainly preserved authority in a deputy to consider and find wrongful discharge connected with a pending compensation claim pursuant to his authority under § 440.25(1) to “hear and determine all questions” in respect to a claim for compensation.
Although the order in the present case does not expressly relate the wrongful discharge finding to the claim for compensation based on claimant’s ensuing wage loss, the relevance of such discharge in this case does not appear to be seriously questionable when considered in the context of facts recited by the deputy in the order. The discharge occurred shortly before claimant’s release for return to work, and the deputy clearly had a tenable basis for considering it to be a factor in the following period of unemployment on which the wage loss claim was based.
Appellant’s argument with respect, to the evidence on this issue presents a simple credibility issue resolved by the deputy’s rejection of the employer’s testimony that the claim had nothing to do with claimant’s termination. Employer’s manager testified he was never “able to get information from [claimant] or contact him about the injury,” and that the carrier “had not been able to get ahold of him for a period of time.” Another employer witness stated he told claimant, when he returned from work upon medical release, that he had been fired (sometime before his return) because “[y]ou should have called us and let us know what happened to you,” and because he did not “report to us and let us know what was happening with his case.”
The order rejects these contentions based on evidence of employer’s receipt of regular medical reports, on the fact that termination occurred before any medical release, and on evidence of several contacts by claimant with employer. Because the issue was not jurisdictionally foreclosed before the deputy in this case for reasons above *382 stated, and because of the conflicting and circumstantial nature of the evidence, we are not persuaded that our appellate function requires or permits reversal of the finding in question.
The order is affirmed except with respect to the period of conceded temporary employment, and the cause is remanded for further proceedings consistent herewith.
WIGGINTON, J., concurs.
BOOTH, J., concurs and dissents with opinion.

. 413 So.2d 121 (Fla. 1st DCA 1982). See also Southern Freightways v. Reed, 416 So.2d 26 (Fla. 1st DCA 1982). Cf., Publix Super Markets, Inc. v. Dean, 416 So.2d 12 (Fla. 3d DCA 1982).